UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EC EDWARD COBB,

        Plaintiff,

v.

SOUTH CORRECTIONAL ENTITY, *et al.*,

        Defendants.

Case No. C22-1688-JCC-SKV

REPORT AND RECOMMENDATION

## I. INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, recommends that this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted under § 1983.

## II. DISCUSSION

On November 25, 2022, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1-1. Plaintiff was at that time confined at the King County Jail, though he was subsequently released from custody to participate in a residential substance

use disorder and mental health treatment program, apparently as a part of ongoing King County Superior Court criminal proceedings.  *See* Dkt. 9.  Plaintiff identified in his complaint three claims for relief, each alleging a violation of his Eighth Amendment right to be free from cruel and unusual punishment and each relating to seizures, and resulting injuries, he suffered while confined at the South Correctional Entity Jail ("SCORE") in 2019.  *See* Dkt. 5 at 7-11.

In the first count of his complaint, Plaintiff alleged an Eighth Amendment claim against SCORE Nurse Supervisor Brooks.  Dkt. 5 at 7.  Plaintiff asserted in support of that claim that on November 22, 2019, while in his cell at SCORE, he suffered a seizure and Nurse Brooks, along with other unidentified SCORE staff members, responded to his cell where they merely checked his blood pressure.  *Id*. at 7-8.  According to Plaintiff, Nurse Brooks did not believe he had suffered a seizure because he was taking two different seizure medications, and she left him on the floor.  *Id*. at 8.  Plaintiff asserted that he later had another seizure during which he hit his head on the cell door, and he was left on the floor of his cell for four to five hours before being placed in the medical unit, on the floor, where he remained all night in urine-soaked clothes.  *Id*. Plaintiff claimed that he suffered a neck sprain and spinal damage, as well as embarrassment, hunger, and a fear that he would die, as a result of Nurse Brooks' conduct.  *Id*.

In the second count of his complaint, Plaintiff alleged an Eighth Amendment claim against SCORE Officer Steve Orten.  Dkt. 5 at 9.  Plaintiff asserted in support of that claim that as he lay on the floor in his cell for hours, Officer Orten walked around performing checks every 30-60 minutes and saw Plaintiff on the ground, soaked in urine and having suffered a neck injury, but just left him there.  *Id*.  Plaintiff claimed that he suffered unnecessary injury and an unnecessary delay in receiving medical care, as well as embarrassment and a feeling of helplessness, as a result of Officer Orten's conduct.  *Id*. at 10.

In the third count of his complaint, Plaintiff alleged an Eighth Amendment claim against a nurse, identified only as Jane Doe. Dkt. 5 at 10. Plaintiff alleged in support of this claim that the nurse discontinued pain medication prescribed for him at the hospital after only two days, claiming he didn't need it, though the medication had been prescribed for at least ten days. *Id*. at 10-11. According to Plaintiff, the medication was prescribed for a neck sprain diagnosed after he fell and hit his head on the cell door. *Id*. at 11. Plaintiff asserted as well that the nurse told him if he wanted water, he would have to get it himself. *See id*. Plaintiff claimed that the nurse's conduct caused him "Unnecessary Pain and Helplessness." *Id*.

Plaintiff identified sixteen Defendants in his complaint, including SCORE Nurse Brooks, SCORE Officer Orten, and multiple medical providers identified as Jane Doe. *See* Dkt. 5 at 1-2, 4-6. Plaintiff requested injunctive relief and damages. *Id*. at 12.

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not adequately alleged a viable claim for relief in his pleading. Thus, on January 5, 2023, this Court issued an Order declining to serve Plaintiff's civil rights complaint and granting him leave to file an amended complaint. Dkt. 6. The Court set forth in its Order the pleading standards applicable to Plaintiff's civil rights complaint and then went on to explain that Plaintiff's complaint was deficient because it did not comply with those standards. *See id*. at 4-6. The Court noted, in particular, that though Plaintiff identified sixteen Defendants in his pleading, the claims set forth by Plaintiff implicated only three of those Defendants. *Id*. at 5-6. The Court explained that Plaintiff could not proceed with respect to any Defendant against whom he had alleged no cause of action. *Id*. at 6.

The Court went on to note that though Plaintiff alleged in each of his claims that his right under the Eighth Amendment to be free from cruel and unusual punishment had been violated, it

appeared that Plaintiff was a pretrial detainee at times relevant to his claims and that his rights therefore derived from the Due Process Clause of the Fourteenth Amendment and not from the Eighth Amendment. Dkt. 6 at 8. The Court then set forth the Fourteenth Amendment standard applicable to Plaintiff's claims and explained that Plaintiff's claims lacked sufficient factual detail to satisfy that standard. *Id*. The Court further explained that if Plaintiff wished to pursue his claims against Defendants Brooks, Orten, and Nurse Jane Doe, he would have to assert his claims under the Fourteenth Amendment and he would have to set forth clear and specific facts demonstrating that Defendants personally participated in causing him harm of constitutional dimension.[1] *Id*. at 8-9.

Plaintiff was given thirty days to file an amended complaint correcting the noted deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). The Court subsequently granted Plaintiff two extensions of time to file his amended complaint. *See* Dkt. 8, 10. Most recently, in its Order granting Plaintiff's second request for an extension of time, the Court established a deadline of May 29, 2023, for the filing of the amended complaint. Dkt. 10 at 2. However, to date, Plaintiff has filed no amended pleading. Because Plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court despite being provided ample opportunity to do so, this action must be dismissed.

---

[1] The Court also noted that even if Plaintiff was, in fact, a convicted prisoner at the time his claims arose and the Eighth Amendment rather than the Fourteenth Amendment was therefore applicable to those claims, Plaintiff's complaint nonetheless lacked sufficient factual detail to state a viable claim for relief under the Eighth Amendment. *See* Dkt. 6 at 9 n.2.

### III. CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state any claim upon which relief may be granted under § 1983. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 14, 2023**.

DATED this 21st day of June, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge